**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA LAURA JIMENEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI[1],<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 1:21-cv-0279 JLT GSA<br><br>ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPEAL, DENYING THE COMMISSIONER'S REQUEST TO AFFIRM, AND REMANDING THE ACTION FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>(Docs. 21, 26, 28)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF ANA LAURA JIMENEZ AND AGAINST DEFENDANT KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY |

Ana Laura Jimenez seeks judicial review of the administrative decision denying her application for supplemental security income under Title XVI of the Social Security Act. (Doc. 1, 21.) Plaintiff contends the administrative law judge erred in rejecting limitations identified by consultative physician, Dr. Fabella. (Doc. 21 at 1, 7-11.) In addition, Plaintiff asserts the ALJ erred in finding "there are jobs existing in significant numbers in the national economy that Plaintiff can perform." (*Id.* at 1.) The Commissioner asserts the administrative decision should be affirmed. (Doc. 26.)

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

## I. Findings and Recommendations of the Magistrate Judge

The magistrate judge observed that Plaintiff applied for benefits on November 18, 2015. (Doc. 28 at 1.) For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because Plaintiff filed her application for benefits prior to that date, the magistrate judge applied the standards in place prior to the revisions in evaluating the medical evidence. (Doc. 28 at 5-17.)

The magistrate judge found that "Plaintiff identifies no harmful error in the ALJ's treatment of Dr. Fabella's opinions." (Doc. 28 at 17.) In so finding, the magistrate judge observed the ALJ included restrictions in the residual functional capacity that "were at least as restrictive as Dr. Fabella's opinion in most respects, more restrictive in others, and in a few instances she did not fully embrace Dr. Fabella's opinion." (*Id.* at 12.) The magistrate judge determined the limitations of Dr. Fabella's that required discussion included:

> 1) 15 minute limitation on consecutive stand/walk; 2) the statement that she could not walk a block at a reasonable pace on rough or uneven surfaces; 3) the statement that Plaintiff could not climb a few steps at a reasonable pace with use of a handrail; and 4) the 2 hour limit on total daily sitting.

(*Id.* at 12-13.) The magistrate judge observed that the ALJ purported to reject limitations identified by Dr. Fabella as inconsistent, but the magistrate judge found the reasoning unpersuasive. (*Id.* at 13.) The magistrate judge rejected the ALJ's belief that the limitations were "nonsensical," instead finding that "Dr. Fabella's responses were neither nonsensical nor inconsistent, he simply answered the questions on a pre-printed form published by the agency." (*Id.* at 15.) On the other hand, the magistrate judge found a "lack of consistent objective abnormalities related to gait instability, motor strength deficiency, or other neurological deficiency; lack of interventional pain procedures; and the opinion of independent medical examiner Dr. Jilhewar who did have access to the whole medical file" supported a conclusion that "the ALJ did not err in failing to adopt the restriction that Plaintiff could not climb a few steps at a reasonable pace with use of a single handrail." (*Id.*) The magistrate judge found this was also true for the limitation concerning Plaintiff's need to lie down for three hours. (*Id.*)

With Plaintiff's ability to stand, the magistrate judge found that "[t]he ALJ's discussion

suggests the ALJ was either not aware or simply overlooked exactly what Dr. Fabella opined with respect to maximum daily sitting duration, or the fact that the RFC omitted that restriction on sitting duration." (*Id.* at 16.) However, the magistrate judge concluded there were "a number of considerations that counsel against remanding on this basis alone." (*Id.* at 16.) For example, the magistrate judge believed that it appeared Dr. Fabella "only came up with the aggregate sitting restriction when prompted by the questionnaire," because "Dr. Fabella's narrative opinion discussed a 30 minute limitation on consecutive sitting…, not a 2-hour total limitation in an 8-hour day as he identified in the check-box questionnaire." (*Id.*, citing AR 1717, 1720 [Doc. 12-17 at 18, 21].) The magistrate judge also observed, "Plaintiff did not indicate to Dr. Fabella that she had any aggregate sitting, standing and walking limitations in general, or during a typical 8- hour work day." (*Id.*)

The magistrate judge also found no harmful error with the conclusion at step five that Plaintiff could perform work existing in substantial numbers in the national economy. (Doc. 28 at 17-20.) The magistrate judge observed that the ALJ found Plaintiff could work as an addressing clerk, "document preparer, microfilm;" and an escort vehicle driver. (*Id.* at 18.) The magistrate judge found the ALJ should not have included the position of escort driver, as Plaintiff argued, because the vocational expert "testified that inability to walk on uneven terrain… eliminates the job of escort driver because of the possibility of walking on the side of a highway." (*Id.*) In addition, the magistrate judge determined the ALJ should not have included the position of addressing clerk, because the identified number of jobs was 6,311, and this number was "well below the 25,000 job threshold identified by the Ninth Circuit as 'significant numbers.'" (*Id.*, citing *Gutierrez v. Colvin*, 740 F.2d 519, 529 (9th Cir. 2014).) However, the magistrate judge rejected Plaintiff's argument that the position of "document preparer" was obsolete and found the ALJ reasonably relied on the vocational expert's testimony that there were 143,000 document preparer jobs in the national economy. (*Id.*)

The magistrate judge concluded that "substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled." (Doc. 28 at 20.) Thus, the magistrate judge recommended the appeal be denied and judgment be entered in favor of the Commissioner. (*Id.*)

**II.     Objections**

Plaintiff filed objections to the Findings and Recommendations, and asserted the Court should

reject the "finding that the ALJ properly evaluated Dr. Fabella's opinion." (Doc. 29 at 1, emphasis omitted.) She asserts the finding "should not be adopted because it lacks appropriate basis in the ALJ's rationale for discounting the opinion." (*Id.* at 2.) She contends the magistrate judge "erroneously analyzes the objective findings where the ALJ did not, and this post-hoc rationalization for the ALJ's decision should be rejected." (*Id.*) According to Plaintiff, "the Magistrate Judge cherry-picked from the ALJ's general summary of Plaintiff's medical history and set forth a rationale as to which portions of this summary of evidence could be construed as consistent with the ALJ's conclusion." (*Id.*) Plaintiff asserts that "the Magistrate Judge simply disregarded the ALJ's erroneous rationale and set forth a new basis for discounting Dr. Fabella's opinion by reweighing the objective findings and medical history." (*Id.*) Plaintiff asserts:

> This alternative basis for discounting Dr. Fabella's opinion should not be accepted. Particularly concerning is the Magistrate Judge's decision to weigh Dr. Fabella's opinion of Plaintiffs' ability to sit for the first time, setting forth a basis for finding this opined limitation unpersuasive, despite acknowledging that that the ALJ "did not address the supportability of the limitations regarding sitting."

(*Id.* at 3, quoting Doc. 28 at 15.) Therefore, Plaintiff contends the findings of the magistrate judge related to the opinion of Dr. Fabella should not be adopted, and instead the matter should be remanded for "the Agency to properly weigh Dr. Fabella's opinion." (*Id.* at 4.)

In addition, Plaintiff maintains that "[t]he ALJ failed to satisfy her burden at Step Five, because she failed to establish that there are jobs existing in significant numbers in the national economy that Plaintiff can perform." (Doc. 29 at 4, emphasis omitted.) She asserts the magistrate judge erred in finding the "document preparer job description" is not obsolete, noting the definition of the position includes preparing documents for microfilming. (*Id.*, citing Doc. 28 at 19.) Plaintiff renews her argument that, "consistent with case law from other circuits, …common sense should dictate that this description is obsolete in light of current digital technology." (*Id.* at 5, citing *Cunningham v. Astrue*, 360 F. App'x 606, 615 (6th Cir. 2010), *Wood v. Berryhill*, 2017 WL 6419313, at *1 (W.D. Wash. Nov. 17, 2017).) Thus, Plaintiff concludes the ALJ failed to meet the step five burden to show "there are a significant number of 'document preparer' jobs available in the national economy." (*Id.* at 5.)

///

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1).  If objections are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made."  *Id.*  A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered."  *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. The ALJ's Rejection of Dr. Fabella's Opinion

Under the regulations governing Plaintiff's application, courts distinguish three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  In general, the opinion of a treating physician is afforded the greatest weight. *Id.*; *see also Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Further, an examining physician's opinion is given more weight than the opinion of non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

An opinion is not binding upon the ALJ and may be discounted whether another physician contradicts the opinion.  *Magallanes*, 881 F.2d at 751.  An ALJ may reject an uncontradicted opinion of a treating or examining medical physician only by identifying a "clear and convincing" reason. *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining physician may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*, 81 F.3d at 830.  When there is conflicting evidence, "it is the ALJ's role to determine credibility and to resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  The Court must uphold the ALJ's resolution of the conflict when there is "more than one rational interpretation of the evidence." *Id.*; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").

The ALJ observed that Dr. Fabella opined Plaintiff "was able to lift and carry 10 pounds occasionally; sit 4 hours at one time and 6 hours in an 8-hour workday; stand and walk 15 minutes at one time and 90 minutes each in an 8-hour workday; [and] sit 30 minutes continuously and 2 hours in

an 8-hour workday due to the claimant spending 3 hours per day laying down." (Doc. 12-3 at 27.) In addition, the ALJ summarized the findings of Dr. Fabella as limiting Plaintiff to:

> occasionally reaching and pushing and pulling with the right hand and frequently reaching in all other directions, handling, fingering and feeling; frequently reaching in all directions with the left hand and handling, fingering, and feeling. Occasionally pushing and pulling with the left hand; occasionally operate bilateral foot control; never climb ladders, ropes and scaffolds; occasionally perform other postural; no exposure to unprotected heights; occasionally operate a motor vehicle, be exposed to extreme cold and moving machinery and frequently be exposed to humidity[/]wetness, extreme heat, vibrations and noises; and no ability to walk one block at a reasonable pace, use public transportation or climb a few steps even with a cane.

(*Id.* at 27-28, citing Exh. 12F/8-12 [Doc. 12-17 at 21-25.]) Addressing the limitations identified by Dr. Fabella, the ALJ indicated "only some weight" was given to the opinion "for the following reasons[:]"

> The medical record will not support standing/walking limitations because there are no objective findings to support the extreme limitations. The undersigned points out that it appears that Dr. Fabella based his opinion on the claimant's subjective complaints and noted symptoms. I also find a bit nonsensical his limitation that the claimant could occasionally climb stairs but then reported that she could not walk even one block at a reasonable pace or climb a few steps with the use of a handrail. Moreover, despite Dr. Fabella's findings he opined the claimant could shop, prepare meals, take care of her personal hygiene needs, and sort and handle paper files but would need to lay down three hours per day.

(Doc. 12-3 at 28.)

Notably, is unclear why the ALJ believed the limitations were based upon Plaintiff's subjective statements. Dr. Fabella explicitly indicated his physical findings—including relating to Plaintiff's ability to walk, stand, sit, engage in postural limitations, and use of her hands— were "based both on formal testing, as well as by direct observation of the claimant by this examiner." (Doc. 12-17 at 19; *id.* at 18-19 [also indicating the conclusions of physical limitations "relate[d] to an internal medicine assessment"].) Thus, it does not appear the opinion was based upon Plaintiff's subjective statements, and this was not a specific, legitimate reason for rejecting the opinion of Dr. Fabella.

In addition, as the magistrate judge found, the identified limitations do not appear to be "nonsensical" or internally inconsistent. For example, Plaintiff's need to lay down three hours per day does not appear inconsistent with the determination that Plaintiff could perform chores, handle papers, prepare meals, or take care of her hygiene needs. There is nothing in the record to suggest such tasks

would take more than five hours a day, such that the time would encroach on the three hours Plaintiff needed to lay down. Consequently, this purported inconsistency does not support the ALJ's decision.

To the extent the ALJ believed the limitations identified by Dr. Fabella were not supported by the objective findings in the record, the ALJ was required to "do more than offer his conclusions." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). This burden can be met by the ALJ "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Swanson v. Secretary*, 763 F.2d 1061, 1065 (9th Cir. 1985); *Magallanes*, 881 F.2d at 751. For example, in *Embrey*, the ALJ gave the following reasons for rejecting a physician's opinion:

> The opinions of total disability tended [sic] in the record are unsupported by sufficient objective findings and contrary to the preponderant conclusions mandated by those objective findings. The duration of the claimant's stress treadmill testings and relative lack of positive findings, the results of other laboratory and x-ray testing, the objective observations of the physicians of record, all preponderate toward a finding that the claimant has never lost the residual functional capacity for light work for any period approaching 12 months.

*Id.* at 421. The ALJ in *Embrey* cited to specific instances in the record that led to a finding of an RFC for light work. Nevertheless, the Court found the ALJ failed to meet the burden of establishing specific and legitimate reasons for rejecting the opinion. *Id.* The Court reasoned, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Id.* Here, the decision of the ALJ suffers similar infirmities.

The ALJ does not acknowledge the conflicts between the opinions of Drs. Fabella and Jilhewar. Although the magistrate judge reviewed the summary of the medical record to evaluate the rejection of Dr. Fabella's decision and identified conflicts in the summary, the burden was on the ALJ—not the Court—to identify the evidence that conflicted with the limitations identified. *See Allen*, 749 F.2d at 579 ("it is the ALJ's role to ... resolve the conflict"); *see also Gray v. Comm'r of SSA*, 365 Fed. App'x 60, 62 (9th Cir. 2010) ("When medical records are at odds with each other or in any way conflict, it is the ALJ's role to assess and resolve conflicting medical evidence"). When the ALJ failed to confront

7

the conflict or make findings related to the conflicting objective records, the ALJ failed to meet the level of specificity required by the Ninth Circuit to reject an opinion as conflicting with other medical evidence. *See Embrey*, 849 F.2d at 422 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings"); *see also Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986) (the ALJ has a burden to "set out a detailed and thorough summary of the facts *and conflicting clinical evidence*, stating his interpretation thereof, and making findings") (emphasis added). Accordingly, the Court declines to find the ALJ identified specific and legitimate reasons to reject the physical limitations identified by Dr. Fabella.

### B.     Remand is Appropriate

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v*, 80 F.3d at 1292. In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

A remand is appropriate for further consideration of the medical opinions. The ALJ failed to identify legally sufficient reasons for rejecting the physical limitations assessed by an examining physician. Because the ALJ failed to resolve the conflicts in the record regarding Plaintiff's limitations, the matter should be remanded for the ALJ to re-evaluate the objective medical evidence and opinions in the record.[2]  *See Moisa*, 367 F.3d at 886.

---

[2] Because remand is appropriate on these grounds, the Court declines to make findings related to whether the document preparer position is obsolete. Nevertheless, such argument has previously been rejected by this Court when, as here, a

## IV. Conclusion

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), the Court conducted a de novo review of the case. For the foregoing reasons, the Court **ORDERS**:

1. The Court declines to adopt the Findings and Recommendations (Doc. 28).
2. Plaintiff's request for judicial review (Doc. 21) is **GRANTED**.
3. Defendant's request to affirm the administrative decision (Doc. 26) is **DENIED**.
4. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision.
5. The Clerk of Court is directed to enter judgment in favor of Plaintiff Ana Laura Jimenez and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **September 6, 2023**　　　　　　　　　　　/s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

vocational expert testified as to the number of available positions in the national economy. *See, e.g., Ronquillo v. Saul,* 2021 WL 614637, at *7 (E.D. Cal. Feb. 16, 2021).

9